IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DESMOND COLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv96 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Desmond Coleman, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges two prison disciplinary convictions.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and the applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion that the objections are without merit. Because the punishment imposed as a result of the disciplinary convictions will not have a direct effect on the fact or duration of petitioner's confinement, he may not challenge the disciplinary convictions in a petition for writ of habeas corpus. Petitioner contends his disciplinary convictions will extend the time he spends in prison because they will cause him to be automatically set off from consideration for release on parole. However, even if it could be concluded that this fact could make petitioner's challenge to the disciplinary convictions cognizable in a habeas proceeding, he

would still not be entitled to relief. An inmate only has a right to due process of law in connection with a prison disciplinary proceeding if the sanction imposed implicates a protected liberty interest. A Texas inmate's interest in release on parole is too speculative to give rise to a protected liberty interest because an inmate has no constitutional expectancy to release on parole. *Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) ("any delay in [a petitioner's] consideration for release on parole cannot support a constitutional claim"). [1]

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his challenge to his disciplinary convictions may be pursued in a writ of habeas corpus is subject to debate among

---

[1] The court notes that as the punishment imposed as a result of the disciplinary convictions included a fine, petitioner could conceivably challenge the disciplinary convictions by filing a civil rights action. The denial of this petition is without prejudice to any civil rights action petitioner may choose to file.

jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **22** day of **January, 2014.**

_____
Ron Clark, United States District Judge